COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-104-CR
   
   
DANIEL BARNETT                                                                  APPELLANT
   
V.
   
THE STATE OF TEXAS                                                                  STATE
   
------------
 
FROM THE 78TH 
DISTRICT COURT OF WICHITA COUNTY
 
------------
 
OPINION
 
------------
        Daniel 
Barnett appeals from his conviction for aggravated sexual assault. In one point, 
appellant argues that the evidence is factually insufficient to support the 
conviction. We affirm.
FACTS
        Appellant 
was married to Helen Martinez. Appellant and Martinez lived together with their 
young child and Martinez’s two-year-old daughter from a prior relationship. On 
or about the morning of September 30, 2001, Martinez was lying in bed when 
appellant woke up and went into the bathroom to shower. Martinez’s 
two-year-old daughter followed him into the bathroom. Martinez felt “weird” 
about her daughter being alone with appellant and decided to go into the 
bathroom. She sat on the toilet and because sunlight was coming through the 
window behind the tub, she could see appellant and her daughter in the shower 
through the shower curtain. Through the curtain, she saw that appellant had the 
child in his arms and was moving the child up and down. She was uncertain about 
what she was actually seeing, so she peeked around the shower curtain and saw 
appellant rubbing the child up and down against his body starting at the chest 
level down to appellant’s penis. She pulled the shower curtain back and 
yelled, “What the hell are you doing?” Appellant dropped the child on her 
bottom. She grabbed the child from the tub and saw that appellant’s penis was 
partially erect (“going up”).
        When 
Martinez asked the child what appellant had done to her, the child put her arm 
around her bottom. The child acted scared and was quiet. Martinez dried the 
child off and stayed in the bedroom with her for a few hours before she went to 
confront appellant in the kitchen. Martinez asked appellant why he did it, and 
appellant just shook his head. Martinez asked him again, and appellant said “I 
don’t know,” and got down on one knee and started to cry. Martinez told him 
she was going to call the police, and appellant pulled the kitchen phone out of 
the wall by the cord. Appellant left the house to go to work at 6:00 p.m. It is 
unclear whether the phone was the only one in the house, or if it was, whether 
it was undamaged and could be plugged back into the wall.
        After 
Martinez called the police, she took the child to the hospital. Doctor Terry 
Johnson examined the child, and the exam revealed that the child had a bruised 
hymen and significant abrasions on the entrance of the vagina. The doctor 
testified at trial that the trauma to the child’s vaginal area was consistent 
with penetration of the vagina in the preceding seventy-two hours. The State 
admitted medical records and photographs at trial showing the child’s bruised 
hymen and the fresh abrasions on her vaginal area.
        The 
jury found appellant guilty of aggravated sexual assault. He was sentenced to 
sixty years’ confinement.
STANDARD OF REVIEW
        Appellant’s 
sole point on appeal challenges the factual sufficiency of the evidence to 
support his conviction. Specifically, appellant argues that there is no evidence 
of penetration or contact between appellant’s sexual organ and the victim’s 
sexual organs.
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 
S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is factually insufficient 
if it is so weak as to be clearly wrong and manifestly unjust or the adverse 
finding is against the great weight and preponderance of the available evidence. 
Johnson, 23 S.W.3d at 11. Therefore, we must determine whether a neutral 
review of all the evidence, both for and against the finding, demonstrates that 
the proof of guilt is so obviously weak as to undermine confidence in the 
verdict, or the proof of guilt, although adequate if taken alone, is greatly 
outweighed by contrary proof. Id. In performing this review, we are to 
give due deference to the fact finder’s determinations. Id. at 8-9; Clewis, 
922 S.W.2d at 136. We may not substitute our judgment for that of the fact 
finder’s. Johnson, 23 S.W.3d at 12. Consequently, we may find the 
evidence factually insufficient only where necessary to prevent manifest 
injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997).
        To 
make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required. Johnson, 23 S.W.3d 
at 12. A proper factual sufficiency review must include a discussion of the most 
important and relevant evidence that supports the appellant’s complaint on 
appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). A 
factual sufficiency review of circumstantial evidence is the same as a review of 
direct evidence. King v. State, 29 S.W.3d 556, 565 (Tex. Crim. App. 
2000); Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).
DISCUSSION
        Appellant 
contends that the State did not prove beyond a reasonable doubt that 
appellant’s sexual organ had contact with or penetrated the child’s sexual 
organs. In support of his argument, he complains of several inconsistencies in 
Martinez’s testimony. Specifically, he points to the fact that although 
Martinez felt “weird” about her child being in the bathroom with appellant, 
she sat on the toilet for three to four minutes before doing anything. He also 
claims that she testified that appellant pulled the only phone out of the wall, 
but also testified that she later called friends and the police. Additionally, 
appellant complains that Martinez’s time-line of events was inconsistent. He 
points to her testimony where she stated that appellant left for work at 6:00 
p.m., but also testified that the assault occurred in the morning and he left a 
few hours later. Appellant also points to Martinez’s admission that she did 
not see appellant’s penis penetrate the child’s vagina. With respect to 
Doctor Johnson’s testimony, appellant contends that the lack of forensic 
evidence (no pubic hairs or semen), lack of prior injuries, and the victim’s 
playful nature support the proposition that the State did not meet its burden of 
proof.
        The 
State presented eyewitness evidence that appellant was naked and rubbing the 
naked child up and down on his body within seventy-two hours of the medical 
examination of the child. The medical exam revealed that traumatic force had 
been applied to the child’s hymen and vagina within seventy-two hours 
preceding the exam. The doctor further stated that the trauma to the child’s 
sexual organs could not have been caused by ordinary day-to-day activity. The 
injuries were consistent with a semi-erect penis rubbing against the labia 
minora and majora of the child’s vagina.
        A 
review of the record does reveal that some of Martinez’s testimony regarding 
the timeline and the phone was unclear. However, appellant misstates the record 
when he contends that Martinez testified that appellant pulled out the only 
phone in the house. The record does not reveal whether Martinez had another 
house phone, or whether she just plugged the phone back into the wall. 
Significantly, the record does reveal that Martinez’s version of the assault 
was substantially corroborated by the medical evidence and Doctor Johnson’s 
testimony. Additionally, the evidence from the medical exam clearly shows that 
the child’s sexual organs had been penetrated within the seventy-two hours 
preceding the exam.
        Therefore, 
after a neutral review of the record, we conclude that the testimony of Martinez 
and Doctor Johnson, taken along with the medical evidence admitted at trial, is 
factually sufficient to support appellant’s conviction. We affirm the trial 
court’s judgment.
 
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
   
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 29, 2004